# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Washington et al*
Case No. 3:25-cr-00018-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on the United States of America's Motion to Declare Case Complex (the "Motion").[1] Defendants Willers and Barber responded in opposition.[2] Defendants Manzar and Cooper filed non-oppositions.[3] Defendants Washington and Hill-Rorem did not file a response.[4] The matter is now ripe for resolution. For the reasons below, the Court **DENIES** without prejudice the Motion at Docket 157.

### A. Background

The Government first indicted co-defendants Washington and Barber on March 18, 2025, on one count of Conspiracy to Distribute Controlled Substances.[5] Later, on August 21, 2025, the Government filed a Superseding Indictment adding an additional five co-defendants and eight additional counts.[6] Almost all of the additional co-defendants charged in the Superseding Indictment resided out of state and were later arraigned in Alaska shortly before the trial scheduling hearing on October 1, 2025.[7]

At the hearing on October 1, trial was scheduled for November 24, 2025.[8] Additionally, during the trial scheduling hearing, the Government indicated its desire to seek a complexity determination pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii).[9] In response, the Court directed the Government to file a written motion to allow defense counsel time to review discovery produced to them on September 25, 2025, and respond to the Government's request.[10]

---

[1] Dkt. 157 (Motion to Declare Case Complex).
[2] Dkt. 168 (Response in Opposition by Erika Rene Willers); Dkt. 166 (Response in Opposition by James Edward Barber).
[3] Dkt. 165 (Response to Motion by Afshin Manzar); Dkt. 169 (Response to Motion by Glenn Cooper).
[4] Defendant Degroff is at large and thus has not yet been arraigned in this case. *See* Dkt. (absence).
[5] Dkt. 2 (Indictment).
[6] Dkt. 69 (Superseding Indictment).
[7] *See* Dkts. 148 (Minute Entry), 147 (Minute Entry), 112 (Minute Entry), 85 (Minute Entry).
[8] Dkt. 155 (Minute Entry).
[9] *Id.*
[10] *Id.*

In the Motion, the Government requests that the Court declare this case complex "[g]iven the number of [d]efendants, the numerous states and law enforcement agencies involved in this case, the amount of discovery produced so far, and the amount still to come[.]"[11] Further, the Government argues that it "has not been dilatory in its review and production of discovery. The addition of numerous out of state defendants in this case added a layer of complexity to obtaining that discovery and sending phones out for extractions."[12] The Government notes that it produced discovery in accordance with the Magistrate Judge's order "less than one month after many of the new [d]efendants' arrests."[13]

Defendant Afshin Manzar "does not object to [the complexity] designation . . . [and] agree[s] to waive his speedy trial rights to continue this matter to allow for continuance, regardless of whether the Court holds that it does not meet the criteria for this designation."[14] Manzar notes that discovery amounts to approximately 40,000 pages and argues that "a continuance is necessary to allow the defendant the reasonable time for effective preparation of his defense, to explore resolution of this case before trial, and to ensure continuity of defense counsel," and failure to grant a continuance would result in a miscarriage of justice.[15]

Defendant Erika Willers opposes the Government's request for a complexity determination arguing that "this is a [seven]-defendant drug conspiracy that has a typical amount of discovery for such a case[.]"[16] Willers argues that the Government has not made a showing that the Court should make a complexity finding, contending that the Government's argument "goes more to its not being dilatory than to the complexity of this matter."[17]

Counsel for Defendant Glenn Cooper contends that "[he] is not i[n] a position to declare the case not complex."[18] He maintains that "[c]ounsel is yet to receive discovery which is believed to be voluminous based on the United States' representations."[19] Further, Cooper's counsel notes that he is unable to start trial on November 24 due to a "date certain trial in a murder case starting December 1, 2025, in state court."[20] As a result, Cooper's counsel argues that he would not be able to provide adequate legal representation and informs the Court that "counsel might have to withdraw if the current speedy trial schedule is maintained or if Mr. Cooper does not agree to waive his speedy trial rights."[21]

Defendant James Barber opposes the request for a complexity determination arguing that "there is no reason to declare the present case complex" and that the "nature of the charges is not especially complicated."[22] Barber contends that "the fact the [G]overnment added five co-defendants to the

---

[11] Dkt. 157 at 6.
[12] *Id.*
[13] *Id.*
[14] Dkt. 165 at 1.
[15] *Id.* at 1-2.
[16] Dkt. 168 at 3.
[17] *Id.*
[18] Dkt. 169 at 1.
[19] *Id.*
[20] *Id.*
[21] *Id.* at 2.
[22] Dkt. 157 at 3.

original indictment, only one of whom has been charged with a separate overt act, does not render this case complex."[23] Additionally, Barber argues that the numerous law enforcement agencies involved in the case, the inclusion of co-defendants from outside Alaska, and the amount of discovery are true of "practically every drug case brought in federal court."[24]

Defendants Washington and Hill-Rorem did not file responses.

### B. Legal Standard

A defendant's right to a speedy trial is guaranteed by the Sixth Amendment and the Speedy Trial Act.[25] The Speedy Trial Act allows for the exclusion of time from a court's trial computation for various reasons, including where a district court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[26] In determining whether the ends of justice outweigh the best interest of the public and the defendant in a speedy trial, the district court must evaluate, "among others," several enumerated factors, including: "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."[27]

### C. Discussion

The issues presented in this case, along with the amount of discovery, the number of co-defendants, and the involvement of state and local law enforcement, are similar to those of the majority of drug cases brought in federal court. As a result, this Court does not find that this case is "unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" to warrant a finding of complexity as set out in 18 U.S.C. § 3161(h)(7)(B)(ii).

To the extent Manzar and Cooper request a continuance in their responses to the Motion, that request is not properly before the Court. Defendants should file a motion for continuance if one is sought.

Accordingly, and for the reasons discussed above, the Court does not find this case complex. Therefore, the Motion at Docket 157 is **DENIED without prejudice**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: October 14, 2025.

---

[23] *Id.* at 4.
[24] *Id.* at 4–5.
[25] U.S. Const. amend VI; 18 U.S.C. § 3161.
[26] 18 U.S.C. § 3161(h)(7)(A).
[27] 18 U.S.C. § 3161(h)(7)(B)(i) –(ii). *See also United States v. Olsen*, 21 F.4th 1036, 1041 (9th Cir. 2022) (citing 18 U.S.C. § 3161(h)(7)(B)(i)–(iv)).